IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GLENN JOSEPH HOPKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 3:16-cv-0764-MJR-SCW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| RICHARD HENRY MILLS, | ) |
| DIANE P. WOOD, | ) |
| ILANA DIAMOND ROVNER, and | ) |
| DIANE S. SYKES, | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

On April 20, 2015, Plaintiff Glenn Hopkins filed a three-hundred-sixty-two page complaint against the United States and three federal judges, alleging that the three named judges violated the Racketeer Influenced and Corrupt Organizations Act by way of their treatment of his many federal court cases over the past eighteen years, and that the United States joined in the racketeering conspiracy by stonewalling Hopkins' administrative complaint concerning the judges' conduct.  The complaint asserts over fifteen predicate acts under the racketeering statute and is divided into seventeen counts, some levied at the three judges and others directed at the United States.  With his complaint, Hopkins moved to proceed *in forma pauperis*—to proceed with his case by paying the Court's filing in installments rather than all at once.  The propriety of Hopkins' motion to file this case as a pauper is now before the Court for review.

Before the Court can grant a litigant's motion to proceed as a pauper, the Court must conduct some threshold inquiry into the merits of the complaint, for 28 U.S.C. § 1915(e)(2) only permits a pauper complaint to proceed if it isn't frivolous. Here, the form of Hopkins' complaint makes a review of it unworkable, as it flouts Rule 8.

Federal Rule of Civil Procedure 8 compels litigants to file a "short and plain statement of the claim showing that the pleader is entitled to relief." This requirement of brevity fosters two goals: it allows trial courts to speed a case to resolution and it allows a defendant to capably respond to the allegations in the complaint. *United States ex rel. Garst v. Lockheed-Martin Corp.*, **328 F.3d 374, 378 (7th Cir. 2003).** While a minor amount of surplus material in a complaint is not enough to frustrate these goals and violate Rule 8, unnecessary length coupled with repetitiveness, needless complexity, or irrelevant allegations can push a complaint past Rule 8's breaking point – in other words, it can make a "complaint unintelligible" by "scattering and concealing in a morass of irrelevancies the few allegations that matter." *Kadamovas v. Stevens*, **706 F.3d 843, 844 (7th Cir. 2013).** When faced with that type of pleading, district judges have the power to dismiss the complaint and require a redo. *Id.*

Hopkins' complaint does not have a minor amount of surplusage, but instead has the kind of repetition, unnecessary complexity, and unwarranted length that violates Rule 8. Hopkins seeks to raise seventeen claims in this case, but his complaint consists of over three-hundred typed pages, with an extra seventy pages added in via an affidavit attached to the complaint that looks to be incorporated into it by reference. Those three-hundred pages seem full of repetitive allegations and irrelevant material—

his complaint includes what looks to be a fifty page introduction to the case before moving on to a three-hundred page discussion of each of the claims, a discussion that is itself often internally repetitive and repetitive of Hopkins' introduction. To be sure, not everything in Hopkins' complaint is irrelevant to his claims, and the complaint, premised on racketeering, will need to be a bit longer than a typical one to satisfy the pleading requirements for fraud-type cases. But the level of repetition throughout Hopkins' complaint and its unneeded length in total leaves this Court with the task of "read[ing] and decipher[ing] [a] tome[] disguised [as a] pleading[]," a task that courts should not have to do. **Lindell v. Houser, 442 F.3d 1033, 1034 n.1 (7th Cir. 2006).**

Hopkins might argue that the Seventh Circuit's ruling in *Kadamovas v. Stevens* swings against dismissal of his complaint, but he would be wrong. For one, *Kadamovas* reaffirmed the right of a district judge to dismiss a complaint that "is so long that it imposes an undue burden on the judge, to the prejudice of other litigants seeking the judge's attention." **706 F.3d at 844**. Moreover, while *Kadamovas* recognized that complaints may be bulkier if more claims are asserted, that case dealt with a twenty-eight page long complaint that asserted almost ten claims. *Id.* In evaluating that complaint, the Seventh Circuit generally observed that district judges can "require that complaints be cut down to size," but went on to hold that no trimming was necessary in that case because twenty-eight pages was not egregiously long to plead ten claims. *See id.* Here, Hopkins brings around seventeen claims spread over a whopping three-hundred-plus pages. Even for a case premised on the Racketeer Influenced and Corrupt Organizations Act, Hopkins does not need that much space to

make out his claims, and numerous circuits have found that Hopkins's type of verbose complaint violates Rule 8.  *See, e.g., Harrison v. Bd. of Regents of Univ. Sys. of Georgia*, **519 F. App'x 641, 643 (11th Cir. 2013) (eighty-two page complaint that took a "shotgun" approach violated Rule 8);** *Antoine v. Ramos*, **497 F. App'x 631, 635 (7th Cir. 2012) (seventy-five page complaint asserting disparate claims "fail[ed] to comply with the short and plain statement" rule);** *Cody v. Loen*, **468 F. App'x 644, 645 (8th Cir. 2012) (seventy-five page complaint containing 246 paragraphs with "unrelated or overlapping" claims violated Rule 8);** *Hoffenberg v. Bumb*, **446 F. App'x 394, 396 (3d Cir. 2011) (one-hundred page repetitive complaint was "neither short nor plain");** *Rueb v. Zavaras*, **371 F. App'x 982, 986 (10th Cir. 2010) (ninety-five page complaint that discussed claims linked to other individuals violated Rule 8);** *Garst*, **328 F.3d at 378 (155-page complaint with attachments was "pestilential" and violated Rule 8).**

Because Hopkins's complaint violates Rule 8, his complaint must be dismissed, and he must file an amended complaint that trims things down to a manageable size. As Hopkins puts pen to paper to draft a new complaint, he should keep a few things in mind.  For one, Hopkins should consider himself warned that he cannot get around his obligation to file a short and plain complaint by paring down his complaint and then dumping all of the pared down information into an appendix that he incorporates by reference into the complaint.  District judges are free to disregard efforts to lengthen a complaint via that kind of work-around, *Kadamovas*, **706 F.3d at 844**, so no matter what, Hopkins must cut his complaint down in a way that allows the Court to conduct a threshold review of its merits.  In addition, Hopkins is advised that any amended

complaint supersedes the original complaint, rendering the original complaint void. *Flannery v. Recording Indus. Ass'n of Am.,* **354 F.3d 632, 638 n.1 (7th Cir. 2004).** As a result, Hopkins' amended complaint must stand on its own, without reference to other pleadings. The Court will not accept piecemeal amendments to a complaint.

To sum up, Hopkins' original complaint (Doc. 1) is **DISMISSED without prejudice** for failure to abide by Rule 8. To proceed with this action, Hopkins is **DIRECTED** to submit his First Amended Complaint by Friday, September 2, 2016. He should label the form First Amended Complaint, and he should use the case number for this action. Hopkins should avoid unnecessary length and keep his allegations clear and concise. Should the First Amended Complaint not conform to the directives laid out in this order, it shall be stricken. If Hopkins elects not to file an amended complaint, this case will be dismissed without prejudice for failure to abide by an order of the Court. Hopkins is further **ADVISED** that he is under a continuing obligation to keep the Court informed of any change in his address; the Court will not independently investigate his whereabouts. If he fails to keep the Court updated about his residence, court orders may not reach him, and his case may be dismissed for want of prosecution. The Court **RESERVES RULING** on the pending pauper motion until such time as it can determine whether the complaint meets the requirements of 28 U.S.C. § 1915(e)(2).

    **IT IS SO ORDERED.**

    **DATED:  July 29, 2016**

                                  /s/ **Michael J. Reagan**
                                  **Chief Judge Michael J. Reagan**
                                  **United States District Court**