IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GLENN JOSEPH HOPKINS,            )
                                 )
                    Plaintiff,   )
                                 )
vs.                              )          Case No. 3:16-cv-0764-MJR-SCW
                                 )
UNITED STATES OF AMERICA,        )
RICHARD HENRY MILLS,             )
DIANE P. WOOD,                   )
ILANA DIAMOND ROVNER, and        )
DIANE S. SYKES,                  )
                                 )
                    Defendants.  )

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

On April 20, 2015, Plaintiff Glenn Hopkins filed a three-hundred-sixty-two page complaint alleging that four federal judges violated the Racketeer Influenced and Corrupt Organizations Act by way of their treatment of his many federal court cases over the past eighteen years.  That complaint was dismissed without prejudice on Rule 8 grounds—the complaint was so verbose and indecipherable as to deprive any reasonable reader of notice—and Hopkins has since filed an amended complaint.  The amended complaint, which measures fifty-eight pages, is similar to Hopkins' last:  it alleges that Judge Richard Henry Mills of the Central District of Illinois engaged in "judicial racketeering" and "public corruption" based on the way that he ruled on Hopkins' federal lawsuits over the years; that Chief Judge Diane Wood, Judge Diane Sykes, and Judge Ilana Diamond Rovner engaged in the same type of misconduct in

disposing of Hopkins' appeal of one of Judge Mills' rulings to the Seventh Circuit, and that Chief Judge Wood also acted improperly when she resolved Hopkins' misconduct complaints against Judge Mills and other judges.  Hopkins has named the judges in their individual capacity and has also sued the United States on the theory that it is responsible for the judges' conduct under the Federal Tort Claims Act and the *Bivens* doctrine.  With his complaint, Hopkins moved to proceed *in forma pauperis*—to proceed with his case by paying the Court's filing in installments rather than all at once.  The propriety of Hopkins' pauper motion is now before the Court for review.

Two points need to be resolved before *in forma pauperis* status can be granted: the plaintiff must show that he is indigent by submitting an affidavit "that includes a statement of all assets [he] possesses [showing] that [he] is unable to pay such fees or give security therefor," and the plaintiff's suit can't be bunk—it can't be "frivolous or malicious," fail to state a claim on which relief can be granted, or seek monetary relief against a defendant who is immune from that relief.  *See* **28 U.S.C. § 1915(a)(1) & (e)(2).** Hopkins seems to clear the first hurdle but he trips over the second, as his amended complaint isn't viable for at least three reasons, if not many more.

First, Hopkins suit is primarily based on the Racketeer Influenced and Corrupt Organizations Act, and he purports to bring his individual claims against the four judges not in his own capacity but as a relator on behalf of the United States.  The rub is that the federal racketeering act doesn't allow for *qui tam* actions, only individual suits, meaning that the relator-style racketeering claims aren't viable.  *See **United States ex rel. Kalish v. Desnick*, No. 91 C 2288, 1992 WL 32185, at \*2 (N.D. Ill. Feb. 18, 1992).**

Second, even if the Court construed the racketeering and public corruption claims to be properly raised by Hopkins himself, all of those claims are caught in the teeth of judicial immunity. Absolute judicial immunity protects judges from damages suits if the actions complained of were taken in the judges' judicial capacity and those actions were within the jurisdictional authority of the court. *E.g., Mireless v. Waco*, **502 U.S. 9, 11 (1991);** *Forrester v. White*, **484 U.S. 219, 225-26 (1988).** Both of these prerequisites are satisfied here. The actions Hopkins complains of were taken when the judges were acting in a judicial role: the vast majority of the allegations concern the judges' dispositive rulings, which clearly fall within that category, *Stump v. Sparkman*, **435 U.S. 349, 356 (1978)**, and the rest concern Chief Judge Wood's role in resolving misconduct complaints, which also comes within the judicial function. *See Overton v. Torruella*, **183 F. Supp. 2d 295, 300 (D. Mass. 2001).** Once more, the actions Hopkins complains of were ones that were within the authority of the court—Judge Mills had jurisdiction to issue his rulings in the AutoZone, White, Illinois, and Springfield Housing Authority cases pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367; Chief Judge Wood, Judge Rovner, and Judge Sykes had the authority to issue a ruling in the Springfield Housing Authority appeal pursuant to 28 U.S.C. § 1291; and Chief Judge Wood had the authority to review Hopkins' misconduct filings against all of his various judges pursuant to 28 U.S.C. § 351 and 352. Throughout his complaint, Hopkins says that the judges' rulings were outside of their jurisdiction because those rulings were erroneous, obstructive, incomplete, in excess of their authority, and so on, but all of that is beside the point—"a judge will not be deprived of immunity because the action he

took was in error, was done maliciously, or was in excess of his authority." *See*

*Dellenbach v. Letsinger*, **889 F.2d 755, 759 (7th Cir. 1989).**[1]

Finally, presuming this entire suit wasn't foreclosed by judicial immunity,

Hopkins' suit must still be dismissed because his complaint is utterly fantastic.  Courts

are duty bound to screen *pro se* pauper complaints to make sure the complaint isn't so

irrational or delusional as to be a waste of time for all involved, *Dix v. Unknown TSA*

*Agent No. 1*, **588 F. App'x 499 (7th Cir. 2015)**, and the allegations in Hopkins' complaint

cross that line.  One only needs to read four to five pages into Hopkins' complaint to get

to the gist of his lawsuit—he thinks that Judge Mills, Judge Rovner, Judge Sykes, and

Chief Judge Wood all joined into some racketeering enterprise with other judges on the

Seventh Circuit to engage in what he calls "intentional case fixing," all with the goal of

depriving Hopkins of success in his many suits.  That notion is ridiculous, and it

becomes doubly so given Hopkins' allegation that Chief Judge Wood furthered this

alleged racketeering conduct by improperly denying Hopkins' misconduct complaints.

It's true that a complaint doesn't cross the delusional or fanciful line merely by putting

---

[1] Hopkins is also suing the United States on the theory that it is responsible for the judges' conduct under the *Bivens* doctrine or under the Federal Tort Claims Act, but those claims, too, must fall.  Hopkins is suing the United States for monetary damages alone, so his *Bivens* claim against it isn't viable, as the United States hasn't waived its sovereign immunity for *Bivens* damages claims. *E.g.*, *Al-Dahir v. F.B.I.*, **454 F. App'x 238, 242 (5th Cir. 2011);** *Huberty v. U.S. Ambassador to Costa Rica*, **316 F. App'x 120, 122 (3d Cir. 2008);** *Consejo de Desarrolo Economico de Mexicali, A.C. v. United States*, **482 F.3d 1157, 1173 (9th Cir. 2007).**  Now, the United States has waived its sovereign immunity for claims concerning its officers' negligence under the Federal Tort Claims Act, but if a suit against the United States' officers in their individual capacity would fall on immunity grounds, as is the case here, so too must the suit against the United States.  **28 U.S.C. § 2674;** *Richardson v. United States*, **516 F. App'x 2, 3 (D.C. Cir. 2013).**

forth allegations that are exotic or strange, *Felton v. City of Chicago*, **827 F.3d 632, 635 (7th Cir. 2016)**, but wherever that line sits and wherever it might blur, Hopkins' allegations go far past it.   Courts routinely find that complaints alleging a broad-reaching conspiracy among a number of judges against a single litigant are irrational or wholly incredible.  *See, e.g., Futterknecht v. Thurber*, **No. 2:14-7395, 2015 WL 4603010, at \*9 (D.N.J. July 30, 2015);** *Holland v. Lake County Mun. Government*, **No. 2:13-cv-179, 2013 WL 5230242, at \*3 (N.D. Ind. Sept. 16, 2013);** *Chandler v. Branchaud*, **No. 1:11-cv-22, 2011 WL 4068004, at \*4 (D. Vt. 2011);** *Stone v. Baum*, **409 F. Supp. 2d 1164, 1176 (D. Ariz. 2005).**  Hopkins suit, as irrational and delusional as it is, can't go forward.

To sum up, because Hopkins' suit is either barred by judicial immunity or is utterly fantastic and fanciful, his motion to proceed as a pauper (Doc. 4) is **DENIED**, and his amended complaint is **DISMISSED with prejudice** pursuant to 29 U.S.C. § 1915(e).  His motion for service of process (Doc. 5) is **DENIED** as **MOOT**.  The **CLERK** is **DIRECTED** to enter judgment consistent with this order and then close this case.

**IT IS SO ORDERED.**

**DATED:  October 31, 2016**

/s/ **Michael J. Reagan**
**Chief Judge Michael J. Reagan**
**United States District Court**